Willie A. GUILLRY, Appellant,

v.

The STATE of Texas, Appellee.

No. 01–91–01154–CR.

Court of Appeals of Texas,
Houston (1st Dist.).

April 29, 1993.

Rehearing Overruled May 27, 1993.

Discretionary Review Refused
Sept. 22, 1993.

W. Troy McKinney, Houston, for appellant.

John B. Holmes, Jr., Karen A. Clark, Cindy Marshall, Houston, for appellee.

Before O'CONNOR, HEDGES and DUGGAN, JJ.

## OPINION

DUGGAN, Justice.

Appellant, Willie A. Guillry, appeals his conviction for aggravated sexual assault of a child. A jury found appellant guilty. The trial court found two enhancement paragraphs to be true and assessed punishment at 35–years confinement. We reverse and remand.

### Factual background

On April 15, 1991, appellant was charged by indictment in cause number 592,272 with aggravated sexual assault of a child. He was arrested and placed in custody on May 6, 1991. Appellant was reindicted on July 17, 1991, in cause number 603,957. (The original indictment transposed the complainant's first and last names.)

Before the State began its case-in-chief, the trial court held a hearing to determine the competency of the eight-year-old complainant, J.J. The trial judge held the hearing in the trial court's juryroom, stating for the record that his reason for doing so was that other lawyers were discussing the day's docket in the courtroom. The trial court overruled defense objections that the defendant was absent and that the hearing was held outside the courtroom and not in a public place. The trial judge determined that J.J. was competent to testify, and J.J. later testified in open court.

On appeal, appellant raises eleven points of error.

### Right to public trial

In points of error one through five, appellant alleges that the trial court, by holding the competency hearing in the juryroom, violated his constitutional and statutory right to a public trial. *See* U.S. Const. amend. VI; Tex. Const. art. I, § 10; TEX. CODE CRIM.P.ANN. art. 1.24 (Vernon 1977) ("The proceedings and trials in all courts shall be public."). Under the circumstances shown, we agree.

An accused's right to a public trial is not absolute. *See Mosby v. State*, 703 S.W.2d 714, 716 (Tex.App.—Corpus Christi 1985, no pet.). In *Mosby*, a case involving a

charge of sexual abuse of a child, the trial court excluded members of the general public from the courtroom during the examination of an 11–year–old witness to the abuse. In rejecting the defendant's assertion that he was denied his right to a public trial, the court of appeals noted that limitations on public attendance may be imposed so long as they are no more restrictive than necessary to protect a state interest that outweighs the accused's interest in public scrutiny of the proceedings. *Id.* The protection of witnesses from embarrassment or intimidation so extreme that it would traumatize them or render them unable to testify is a state interest sufficiently weighty to justify partial or complete exclusion of the public. *Id.* The court held that because of the witness's age and the sensitive nature of his testimony, it was not improper to exclude members of the public from the trial. *Id.*

The State, relying on *Mosby*, argues that because of the sensitive nature of J.J.'s testimony at the competency hearing, he might have been embarrassed or intimidated by the presence of unknown persons in the courtroom; therefore, concludes the State, the trial judge was justified in excluding the public from the hearing. This argument overlooks the fact that the trial court expressly stated on the record that it held the hearing in the juryroom because other attorneys were conferencing in the courtroom. The trial court made no finding or record statement that its action was taken because of concern for J.J. The State's reliance on *Mosby* is therefore misplaced. The State has cited no other authority to support its contention that it was proper for the trial court to hold the competency hearing in private. J.J. ultimately testified in open court.

In *Rovinsky v. McKaskle*, over the defendant's objections, the trial court heard in chambers the State's motions to restrict the cross-examination of certain witnesses. *Rovinsky v. McKaskle*, 722 F.2d 197, 199 (5th Cir.1984). The Fifth Circuit held that the sixth amendment forbids state courts from conducting hearings in camera on matters arising in the course of a criminal trial, absent an overriding need to foreclose

public attendance that is articulated in the court's findings at the time of the closure. *Id.* The court stated:

> The right to a public trial is prophylactic. It is not merely a safeguard against unfair conviction.... A public trial protects the right of the accused to have the public know what happened in court; to let the citizenry weigh his guilt or innocence for itself, whatever the jury verdict; to assure that the procedures employed are fair. Thus, *the right is both primary and instrumental: not merely a method to assure that nothing untoward is done clandestinely but a guarantee against the very conduct of private hearings.* It is "a check on judicial conduct and tends to improve the performance of both the parties and of the judiciary." Even absent a showing of prejudice, infringement of the right to public trial exacts reversal as the remedy.

*Id.* at 202 (emphasis added) (footnote omitted) (quoting *United States v. Chagra*, 701 F.2d 354 (5th Cir.1983)). For the reasons stated in *Rovinsky*, and because the trial court did not articulate a state interest that outweighed appellant's interest in public scrutiny of the hearing, we find that appellant was denied his statutory and constitutional right to a public hearing.

Points of error one through five are sustained. Because of our disposition of these points of error, we need not address appellant's points of error six through eleven.

The judgment is reversed and the case is remanded to the trial court.